# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JEWEL DALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     1:23CV501 |
| | ) |
| NORTH CAROLINA SCHOOL OF | ) |
| SCIENCE AND MATHEMATICS | ) |
| FOUNDATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Jewel Dale ("Plaintiff"), proceeding pro se[1] brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against the North Carolina School of Science and Mathematics Foundation (the "Foundation"). (ECF No. 1 at 1.) Plaintiff alleges that during her employment she experienced sex and race-based discrimination and following her report to the Equal Employment Opportunity Commission (EEOC), she suffered retaliation by being discharged. (*Id.*) Before the Court is the Foundation's Motion for Judgment on the Pleadings, (ECF No. 17.) For the reasons stated herein, the Foundation's motion will be granted.

---

[1] Dale is a pro se litigant, and the Court must construe her Complaint liberally, permitting a potentially meritorious case to develop if one is present. *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 715–16 (M.D.N.C. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "However, the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading ... or to become an advocate for the pro se party ...." *Id.* at 716 (citations omitted).

## I. BACKGROUND

Plaintiff was an employee for the North Carolina School of Science and Mathematics (the "School") from July 2016 to February 2023, as a Community Coordinator. (ECF No. 9-3 at 1.) She filed her first EEOC charge on December 23, 2022. (ECF No. 9-2 at 1.) In that charge, Plaintiff names her employer as the School. (*Id.*) Plaintiff alleges discrimination based on her sex and race. (*Id.*) Further, in the charge she lists her race as "Black African American" and her sex as female. (*Id.*) During her brief narrative of the alleged discrimination, she states that she was treated differently than her coworker while being disciplined about a late work assignment. (*Id.*) Unlike Plaintiff, her coworker was told to complete the assignment "in a nicer tone and was given more time … to complete the task." (*Id.*) She alleges that she was also told by a supervisor that her "communication comes off as dismissive" and was asked "to read an article on positive conflict." (*Id.*) Plaintiff received a Notice of Right to Sue Letter on January 8, 2023, (ECF No. 22 at 2), and states that the letter expired on April 8, 2023. (*Id.*)

Plaintiff filed an amended charge with the EEOC on March 13, 2023. (ECF No. 9-3 at 1.) Here, she alleges that she was retaliated against following a meeting with the Chancellor regarding her first EEOC case. (*Id.*) After the meeting, Plaintiff received a letter of notification of discontinuation of her at-will appointment as a Community Coordinator. (*Id.*) She acknowledges that she received a Notice of Right to Sue Letter on March 28, 2023. (ECF No. 22 at 2.) Plaintiff states that this letter expired on June 28, 2023. (*Id.*)

Plaintiff filed her instant Complaint on June 22, 2023. (ECF No. 1 at 4.) She alleges to have been discriminated against due to her race and sex and retaliated against for filing her first EEOC charge. (*Id.*) In the Complaint, Plaintiff lists the name of her employer as the North Carolina School of Science and Mathematics, and she lists the Defendant as the North

2

Carolina School of Science and Mathematics Foundation. (*Id.* at 2–3.) The Foundation is a non-profit corporation, incorporated in accordance with the North Carolina Non-Profit Corporation Act. (ECF No. 9-1 at 1.) In the Complaint, Plaintiff lists her race as "multiracial" and her sex as female. (ECF No. 1 at 4.)

According to her Complaint, Plaintiff alleges that the discriminatory action occurred on February 23, 2023. (*Id.* at 4.) The facts outlined in the Complaint surround Plaintiff receiving the discontinuation letter and being asked to leave. (*Id.* at 5.) The Foundation filed its answer generally denying all allegations on August 10, 2023. (ECF No. 9 at 2.) Discovery commenced on October 13, 2023, and was completed on March 11, 2024. (ECF No. 11 at 3.) On January 31, 2024, the Foundation filed the instant Motion for Judgment on the Pleadings.[2] (ECF No. 17.)

## II.   STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where the case turns on a legal question and the pleadings demonstrate that the moving party is entitled to judgment as a matter of law." *Fed. Ins. Co. v. S. Lithoplate, Inc.*, 7 F. Supp. 3d 579, 583 (E.D.N.C. 2014). Such a motion is generally analyzed "under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). "The court assumes the facts alleged by the nonmoving party are true" and draws all reasonable inferences

---

[2] On March 18, 2024, Plaintiff filed a Supplemental Response (ECF No. 26) after the Foundation filed its Reply. This filing was not in accordance with this Court's local rules, and Plaintiff did not ask the Court for permission to file. *See* M.D.N.C. Civ. R. 7.3 (Motion Practice). Upon review of the Supplement, Plaintiff does not raise any new issues that were not already addressed in her Response. (ECF No. 22.) Accordingly, the Court declined to address any arguments made in Plaintiff's Supplemental Response.

3

in favor of the nonmoving party. *Lithoplate*, 7 F. Supp. 3d at 583. Like a Rule 12(b)(6) motion, a "Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014).

However, unlike when deciding a Rule 12(b)(6) motion to dismiss, the Court, when deciding a motion for judgment on the pleadings, may consider the answer. *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011). Factual allegations contained in an answer "are taken as true only where and to the extent they have not been denied or do not conflict with the complaint." *Jadoff v. Gleason*, 140 F.R.D. 330, 331 (M.D.N.C. 1991). "To survive a motion for judgment on the pleadings, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Conner v. Cleveland Cnty.*, 22 F.4th 412, 420 (4th Cir. 2022) (quoting *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (internal citation omitted)).

### III. DISCUSSION

In this case, the Foundation alleges three independent reasons for its motion. It first alleges that Plaintiff failed to exhaust all administrative remedies against the Foundation because she did not name it in her administrative claims. (ECF No. 17 at 6–7.) Secondly, the Foundation asserts that it was improperly named as a defendant because it is not Plaintiff's employer. (*Id.* at 8.) Lastly, the Foundation believes that Plaintiff's sex and race-based discrimination claims are time barred. (*Id.* at 9.) Plaintiff responds to the Foundation's contentions by first asserting that she named it in her administrative claims by way of naming Chancellor Todd Roberts, who is a member of the Foundation. (ECF No. 22 at 4.) Secondly, Plaintiff alleges that Chancellor Roberts is listed on her discontinuation letter, thus he had a

4

hand in her alleged wrongful termination. (*Id.* at 3–4.) Lastly, Plaintiff does not deny that she missed the first deadline of the original right to sue letter. (*See id.* at 2–3.) However, she asserts that she met the deadline of the second charge which she alleges mentions retaliation and discrimination. (*See id.*)

Under Title VII, it is "an unlawful employment practice for an employer … to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

### A. Plaintiff Failed to Exhaust Administrative Remedies by Not Naming the Foundation in her Administrative Claims

The Foundation first alleges that Plaintiff failed to exhaust her administrative remedies because she did not name it in either of her administrative claims. (ECF No. 17 at 6–7.) In Plaintiff's first and second EEOC charges she names the North Carolina School of Science and Mathematics. (ECF Nos. 9-2 at 1; 9-3 at 1.) The Foundation contends that due to her not naming it during her administrative claim, she has not exhausted her administrative remedies as required under Title VII. (ECF No. 17 at 6–7.) Plaintiff responds that because she has alleged specific facts in her administrative claims that were done by a member of the Foundation, she has sufficiently named the Foundation. (ECF No. 22 at 3.) Specifically, Plaintiff named Chancellor Todd Roberts in the narrative of her second EEOC charge. (ECF No. 9-3 at 1.)

To assert a Title VII claim in federal court, plaintiffs must first exhaust administrative remedies. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The first step is to file an administrative charge with the EEOC within 180 days of the alleged misconduct. 42 U.S.C. § 2000e-5(e)(1); *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004). Upon

5

receiving a charge, the EEOC must investigate the allegations and find either reasonable cause to believe the charge is true, or no reasonable cause to believe that the charge is true. 42 U.S.C. § 2000e-5(b). If they find no reasonable cause, the EEOC will dismiss the charge and notify the complainant of their right to sue in court in the form of a "Right to Sue Letter." *See Laber v. Harvey*, 438 F.3d 404, 416 (4th Cir. 2006); *see also id.*

Civil actions under Title VII may be brought only "against the respondent named in the charge." § 2000e-5(f)(1); *see also Alvarado v. Bd. of Tr. of Montgomery Cmty. Coll.*, 848 F.2d 457, 458 (4th Cir. 1988). In fact, the naming requirement under Title VII "precludes" a plaintiff from stating a claim against any defendant not named in an EEOC charge. *Onan v. Cnty. of Roanoke, Va.*, No. 94-1770, 1995 WL 234290, at *2 (4th Cir. 1995). This requirement is meant to put the charged party on notice of the complaint, and to allow the EEOC to attempt reconciliation outside of court. *Alvarado*, 848 F.2d at 460.

It is important to note that statements alleged in an administrative charge do not strictly limit a following Title VII suit. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). The scope of the civil action "is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Chisolm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981). Since lawyers do not normally complete administrative charges, courts construe them liberally. *Alvarado*, 848 F.2d at 460. Courts must strike a balance between "providing notice to employers and the EEOC on the one hand and ensuring plaintiffs are not tripped up over technicalities on the other." *Syndor v. Fairfax Cty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012).

Here, there is no dispute amongst the parties on whether Plaintiff timely filed an administrative charge with the EEOC. There is also no dispute that Plaintiff received two

Right to Sue Letters from the EEOC following their investigations. The central question here is whether Plaintiff sufficiently named the Foundation in her administrative charges so as to put it on notice of the Complaint.

Plaintiff completed both of her administrative charges pro se, thus they will be construed liberally. *Alvarado*, 848 F.2d at 460. In neither of her EEOC charges did Plaintiff list the Foundation as her employer nor did she list it as part of the brief narrative of the alleged discriminatory conduct. (ECF Nos. 9-2 at 1; 9-3 at 1.) The plain text of Title VII requires that civil actions may only be brought against those named in the charge. § 2000e-5(f)(1). Plaintiff names the North Carolina School of Mathematics and Science in each of her charges as her employer, not the Foundation. (ECF Nos. 9-2 at 1; 9-3 at 1.)

Plaintiff's assertion is that by naming Chancellor Todd Roberts in the narrative of her second EEOC charge she sufficiently satisfied the naming requirement under Title VII. This assertion fails. While the Chancellor may be a member of the Foundation, there are no allegations in the pleadings before the Court that the Foundation and the School are the same entity. Evidence that a party named in the charge and the one named in the suit are "identical" can meet the naming requirements. *Alvarado*, 848 F.2d at 459. In *Alvarado*, the Fourth Circuit found that defendant naming Montgomery Community College in his charge, but the Board of Trustees of Montgomery Community College as a defendant was sufficient to satisfy Title VII naming requirement. *Id.* The Board of Trustees establishes and operates community colleges in Maryland. *Id.* at 460. Thus, an investigation into Montgomery Community College would reasonably include the Board of Trustees. *Id.*

Here, that is not the case. The Foundation is a non-profit corporation, an entirely separate entity from the School. (*See* ECF No. 9-1 at 1.) The scope of an investigation into

7

the conduct of her employer, the School, could not be expected to reasonably uncover evidence related to conduct of the Foundation because they are not the same entity. Likewise, naming a member of the Foundation is not sufficient to place the Foundation on notice, when as in this case, the individual was acting under their role as Chancellor of the School during the alleged discriminatory actions.

Accordingly, the Court finds that Plaintiff's EEOC claims failed to put the Foundation on notice that it was potentially subject to liability for the alleged Title VII violations. Therefore, Plaintiff has failed to exhaust her administrative remedies as it pertains to the Foundation. Although this finding is sufficient to dismiss the case, the Court will discuss the Foundation's other arguments below.

### B. Plaintiff Fails to Allege Sufficient Facts Necessary for The Court to Find That The Foundation Was Her Employer

The Court now turns to the Foundation's contention that dismissal is warranted because it is not Plaintiff's employer. The Foundation alleges that it is not Plaintiff's employer, and that Plaintiff's own statements suggest that the School, not the Foundation, is her employer. (ECF No. 17 at 8.) Plaintiff responds that her EEOC charge mentions Chancellor Todd Roberts whose name is signed at the bottom of her termination documents. (ECF No. 22 at 3.) She alleges that since Chancellor Roberts is a member of the Foundation and is able to terminate her from her position, the Foundation is her employer. (*Id.*)

To be subjected to liability under Title VII, a defendant must (1) fall within the Title VII statutory definition of "employer," and (2) have exercised substantial control over significant aspects of the compensation, terms, conditions, or privileges of plaintiff's employment. *Magnuson v. Peak Tech. Serv., Inc.*, 808 F. Supp. 500, 507 (E.D. Va. 1992), *aff'd*, 40 F.3d 1244 (4th Cir. 1994).

Under Title VII, an "employer" is a person "engaged in industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and any agent of such person…" 42 U.S.C. § 2000e(b). Under the second inquiry, a plaintiff must show that the defendant exercised the requisite control over her employment to be deemed her employer. *Magnuson*, 808 F. Supp. at 507. Failing to allege that a defendant was responsible for hiring and firing, disciplinary authority, salaries, personnel records, payroll, and insurance or taxes means a plaintiff has not alleged sufficient facts under Title VII. *Antoine v. Delancy LLC.*, No. 20-CV-523, 2020 WL 6707670, at *2 (W.D.N.C. Nov. 11, 2020), *aff'd*, No. 22-1755, 2022 WL 17750672 (4th Cir. 2022).

Here, Plaintiff names the School as her employer on several different occasions. In her first and second administrative charge Plaintiff lists "North Carolina School of Science and Mathematics" under the box stating "Named is the Employer … That I Believe Discriminated Against Me or Others." (ECF Nos. 9-2 at 1, 9-3 at 1.) Likewise, in her Complaint Plaintiff lists the School under "Place of Employment." (ECF No. 1 at 3.) The sole place that the Foundation is listed is as the Defendant in the instant Complaint. (ECF No. 1 at 2.)

Plaintiff argues that the Chancellor's role in her termination implicates the Foundation as her employer. Plaintiff has not alleged that the Foundation exercised substantial control over her employment, the only fact she alleges is that her termination was at the discretion of Chancellor Todd Roberts. (ECF No. 22 at 3–4.) This is not enough to meet the second prong of employer qualifications under Title VII. Therefore, Plaintiff has failed to establish that the Foundation is her employer under Title VII.

### C. Plaintiff Missed the Deadline to File Her First EEOC Charge

Lastly, the Foundation alleges that Plaintiff's discrimination claim is time barred. It contends that Plaintiff filed her suit after the 90-day deadline under Title VII. (ECF No. 17 at 9–10.) Plaintiff asserts that she met the deadline of her second right to sue letter and that "[b]oth the secondary charge and lawsuit cited retaliation and discrimination." (ECF No. 22 at 3.)

Under Title VII, Complainants have 90-days after being notified of their right to sue, to file suit in federal or state court. § 2000e-5(f)(1). Plaintiff acknowledges that the deadline for the first letter expired on April 8, 2023, and she filed her Complaint on June 22, 2023. (ECF No. 22 at 2.) Both parties appear to agree that a civil suit based on the first right to sue letter was not timely filed. However, Plaintiff alleges that her second administrative charge is for retaliation and discrimination. (*Id.* at 3.)

While Plaintiff's first administrative charge states, "Discrimination Based on Race and Sex," Plaintiff's second administrative charge states "Discrimination Based on Retaliation." (ECF Nos. 9-2 a 1, 9-3 at 1.) The second charge does not allege the same basis as the first charge and nowhere in the document does Plaintiff allege discrimination based on race and sex. The Court finds that if Plaintiff's suit were not already subject to dismissal, her sex and race-based discrimination claims from the first administrative charge would be time barred.

### IV. CONCLUSION

The Court having considered each of the Foundation's arguments concludes that Plaintiff has failed to exhaust her administrative remedies as to each of her claims, has failed to sufficiently allege the Foundation as her employer, and that Plaintiff's discrimination claim is time-barred.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that the Foundation's Motion for Judgment on the Pleadings, (ECF No. 16), is **GRANTED**. And Plaintiff's Complaint, (ECF No. 1), is **DISMISSED**.

This, the 16th day of September 2024.

/s/ Loretta C. Biggs
United States District Judge